David M. WALSTON *v.* Karen R. WALSTON

CR 99-808                                     999 S.W.2d 676

Supreme Court of Arkansas
Opinion delivered September 30, 1999

*Cochran, Schneider & Croxton, P.A.*, by: *Mary M. White Schneider*, for appellant.

No response.

PER CURIAM. Appellant David M. Walston moves this court for a rule on clerk and shows this court as follows. The parties were divorced in 1995, and the decree was entered by the Howard County Chancery Court. There was one child of the marriage, Brittne Nicole Walston, who was born in 1986. Custody was awarded to Karen Walston, now Simmer.[1] In 1998, Ms. Simmer filed a·motion for contempt and modification of decree in Howard County Chancery Court. On March 3, 1999, following a hearing, the Howard County Chancery Court found David Walston in contempt of court and ordered him to pay $2,000 as child-support arrearage, $237 for medical expenses, and $305 for attorney's fees and costs. Those funds were to be paid directly to Simmer within ninety days of the date of the order. The chancellor refused to change visitation, except for visitation over the

---

[1] At the hearing, she spelled her name "Simer," but the notice of appeal refers to "Simmer."

spring break, or to change the amount of child support. The chancery court then, on motion by David Walston, transferred the matter to Benton County Chancery Court pursuant to Ark. Code Ann. § 9-12-320 (Repl. 1998), for enforcement purposes because Benton County is where the parties and their daughter now reside.[2] Under § 9-12-320, the chancery clerk of the court of original jurisdiction transfers certified copies of all case records to the county where the matter has been transferred.

On March 8, 1992, the Howard County Chancery Court order was filed in Benton County Chancery Court and given case number E 99-426-2. On April 5, 1999, David Walston filed his notice of appeal in Benton County Chancery Court from the order originally entered in Howard County but subsequently filed in Benton County. The notice of appeal contained the Benton County Chancery Court case number.

The Supreme Court Clerk refused to file the record in this appeal because the notice of appeal in Benton County Chancery Court was filed more than thirty days after entry of the Howard County Chancery Court order.

■ Appellant David Walston urges in support of his motion for rule on clerk that the notice of appeal was timely from entry of the order in Benton County and that Howard County is no longer the venue for this matter. Karen Simmer filed no response to the motion. We agree that the appeal was appropriately taken from the date the order was entered in Benton County. That, presently, is the venue for the case, because the parties and their daughter live there and because the matter has been transferred to that county in accordance with § 9-12-320. There has been no objection by either party to the transfer of venue, and though the order was framed by the Howard County Chancery Court, Benton County is where certified copies of the case records are and where the order will be enforced. We grant the motion for rule on clerk and direct the Clerk of the Supreme

---

[2] This statute was amended by Act 1491 of 1999 but that Act was not in effect at the time of the transfer.

Court to accept the record in this case, as the notice of appeal is timely when calculated from the date the order was entered in Benton County.

GLAZE and IMBER, JJ., dissent.

A NNABELLE CLINTON IMBER, Justice, dissenting. I must respectfully dissent because the record in this case does not support granting Appellant David M. Walston's motion for rule on the clerk. For the reasons outlined below, I believe that the motion for rule on the clerk filed by Mr. Walston should be denied.

The Howard County Chancery Court held a hearing on Appellee Karen R. (Walston) Simmer's motion for contempt and modification of decree on February 10, 1999. At that hearing, the parties advised the chancellor that they were both residents of Benton County. David Walston orally moved to have the case transferred to Benton County for resolution of the motion filed by Karen Simmer. The chancellor declined to transfer the case with reference to the pending motion, but announced that the case would be transferred after he took testimony and ruled on Ms. Simmer's motion. The chancellor's rulings on the merits of Ms. Simmer's motion for contempt and modification are reflected in the order filed in the Chancery Court of Howard County on March 3, 1999. That same order also transferred the case to the Benton County Chancery Court pursuant to Ark. Code Ann. § 9-12-320 (Rep. 1998), which provides that "the court of original jurisdiction shall enter an order transferring the case and charging the chancery clerk of the court of original jurisdiction to transmit forthwith certified copies of all records pertaining to the case."

The notice of appeal and designation of record filed by David Walston on April 5, 1999, referenced the order entered by the Howard County Chancery Court on March 3, 1999. So as to overcome the filing of an untimely notice of appeal, he now seeks to adopt the date of March 8, 1999, when the Howard County Chancery Court's order was refiled in the Benton County Chan-

cery Court. This effort, however, ignores the fact that the transfer of a case to another venue under Ark. Code Ann. § 9-12-320 does not involve the entry of an order in the receiving court. Furthermore, it is not the Benton County Chancery Court's order that is being appealed. Rather, Mr. Walston is appealing the Howard Chancery Court's ruling on Ms. Simmer's motion for contempt and modification that was filed of record by that court on March 3, 1999.

Under these circumstances, the notice of appeal should have been filed in the Benton County Chancery Court within thirty days after March 3, 1999, the effective date of the Howard County Chancery Court's order. David Walston's notice of appeal and designation of the record was filed more than thirty days after entry of the Howard County Chancery order. Hence, the Supreme Court Clerk properly refused to file the record in this appeal, and the motion for rule on the clerk filed by Mr. Walston should be denied.

GLAZE, J. agrees. Mr. Walston's motion for rule on the clerk should be denied, but is of the view that to effect an appeal from the Howard County Chancery Court, Mr. Walston should have filed his notice of appeal from the order filed in Howard County on March 3, 1999. Neither the parties nor the Howard County Chancery Judge possess the power to transfer a case to another territorial district for appeal purposes.